***********
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS with some modifications the Decision and Order of the Deputy Commissioner.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. Plaintiff alleges in his Tort Claim Affidavit that Selma P. Townes, Steve Rhodes, "Jane/John Doe," D. Jones, and subordinates at the Department of Correction participated in intentional acts causing plaintiff an unjustifiable injury and pain and suffering.
2. Defendant moved to dismiss plaintiff's claim pursuant Rules 12(b)(1) and (6) of the North Carolina Rules of Civil Procedure on the grounds that plaintiff has failed to allege specific acts or omissions of negligence on the part of a State employee or agent; that plaintiff's claim is barred due to lack of subject matter jurisdiction, and that plaintiff's claim is frivolous.
3. Based upon the face of plaintiff's pleading, plaintiff has failed to make a claim for negligence upon which relief can be granted, and that plaintiff's claim should be dismissed with prejudice for failure to state a claim.
 ***********
Based upon the foregoing findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Plaintiff in his affidavit failed to show that the Industrial Commission has subject matter jurisdiction over his claims pursuant to N.C. Gen. Stat. § 143-291(a). *Page 3 
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission
enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This 31st day of August, 2007.
S/____________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/____________________________ BUCK LATTIMORE CHAIRMAN
 S/____________________________ DIANNE C. SELLERS COMMISSIONER *Page 1